J-S05034-19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TERRANCE FOWLER, | : | |
| | : | |
| Appellant | : | No. 1162 WDA 2018 |

Appeal from the PCRA Order Entered August 3, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002536-2010

BEFORE:   PANELLA, P.J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                    FILED APRIL 05, 2019

Terrance Fowler (Appellant) pro se appeals from the August 3, 2018 order, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Appellant was tried by a jury for numerous crimes related to his role in a July 7, 2010 robbery of a jewelry store owned by Aleksandr Cheremnykh (Victim).  During the course of the robbery, Appellant shot Victim in the chest. Victim survived the shooting and testified at trial.  At trial, Victim identified Damon Dixon as one of the perpetrators. N.T., 7/14/2011, at 29.  Appellant was identified by a witness, Bruce Wagner, who testified he saw Appellant and

_____

*Retired Senior Judge assigned to the Superior Court.

another individual in the area of the jewelry store at the time of the incident.[1] Id. at 42. Wagner provided to police the license plate number of the vehicle which Appellant and his accomplice were using. During their investigation, police found an item stolen from the jewelry store near where the vehicle had been parked, and police located the vehicle at Appellant's home. On July 17, 2011, Appellant was convicted of, inter alia, attempted murder and robbery.

On September 20, 2011, Appellant was sentenced to 27½ to 55 years of incarceration. Appellant filed a direct appeal to this Court, and his judgment of sentence was affirmed on June 1, 2012. Commonwealth v. Fowler, 53 A.3d 923 (Pa. Super. 2012) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

Appellant timely filed a PCRA petition on April 16, 2013, and counsel was appointed to represent Appellant. The PCRA court eventually denied Appellant PCRA relief, and this Court affirmed the denial on March 3, 2014. Commonwealth v. Fowler, 100 A.3d 294 (Pa. Super. 2014) (unpublished memorandum).

_____

[1] At the preliminary hearing, Wagner positively identified Appellant as one of the perpetrators, but was unable to identify Dixon as the other. N.T., 7/14/2011, at 42, 63. The Commonwealth did not pursue the case against Dixon any further.

On March 7, 2018, Appellant filed pro se the instant PCRA petition. In that petition, Appellant acknowledged that his petition was untimely filed,[2] but claimed he met the newly-discovered facts exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"). Specifically, Appellant claims that he "received an affidavit from Antoun Salter … informing him for the first time that Damon Dixon confessed to [Salter] that [Dixon] and Jaree Warren committed" the robbery for which Appellant was convicted. PCRA Petition, 3/7/2018, at 5-6. Salter's affidavit states that at a party on December 31, 2017, Dixon told Salter that Dixon and Warren committed the robbery and Appellant is innocent. Salter saw Appellant's sister on February 14, 2018, who told him to write an affidavit, which he did. See PCRA Petition, 3/8/2018.

_____

[2] Appellant states that his judgment of sentence became final on July 1, 2013. PCRA Petition, 3/7/2018, at 5. Appellant is incorrect. His judgment of sentence became final on July 1, 2012, when he did not file a petition for allowance of appeal to our Supreme Court within 30 days of this Court's June 1, 2012 memorandum affirming his judgment of sentence. Thus, he had one year, until July 1, 2013, to file timely a PCRA petition. See 42 Pa.C.S. § 9545(b)(1), (3).

The Commonwealth filed a response to this petition, arguing that the affidavit contains inadmissible hearsay and therefore does not meet the requirement to be a newly-discovered fact. Commonwealth's Response, 5/21/2018, at 3 (citing Commonwealth v. Yarris, 731 A.2d 581, 592 (Pa. 1999) (holding that a "claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the [newly-discovered facts] exception to the timeliness requirement, nor would such a claim, even if timely, entitle Appellant to relief under the PCRA")).

On June 15, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response, and on August 3, 2018, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.[3]

On appeal, Appellant contends the PCRA court erred by dismissing his petition as untimely filed. Appellant's Brief at 3. We review this issue mindful of the fact that "[t]he question of whether a [PCRA] petition is timely [filed] raises a question of law. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review [is] plenary." Commonwealth v. Brown, 141 A.3d 491, 499 (Pa. Super. 2016).

_____

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and directs this Court to its opinion filed along with its Pa.R.Crim.P. 907 notice in compliance with Pa.R.A.P. 1925(a).

Because Appellant's judgment of sentence became final in 2012, his petition is facially untimely. Appellant claimed that he could prove the following timeliness exception: "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

> The timeliness exception set forth in [subs]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

Commonwealth v. Monaco, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). In addition, Appellant had to file his petition within "one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[4]

Instantly, the "fact[] upon which [Appellant] based his petition" was Dixon's admitting to Salter on December 31, 2017, that Dixon and Warren committed the crime for which Appellant was convicted. Monaco, 996 A.2d at 1080. A similar series of events occurred in Yarris, supra. In that case, Yarris, who had been convicted of murder, submitted the affidavit of Agnes Sloss, who stated that Jay Jenkins told her that "Yarris was not responsible

_____

[4] This statute was amended, effective December 24, 2018, and provided that claims arising after December 24, 2017 were permitted to be filed within one year, rather than 60 days, of the date claim could have been presented.

for the murder" for which Yarris was convicted, and Jenkins admitted to murdering the victim himself. Yarris, 731 A.2d at 590. Our Supreme Court concluded, inter alia, that in order for the affidavit to satisfy the newly-discovered facts exception, the affidavit could not rely upon inadmissible hearsay. Id. at 592.

Instantly, the PCRA court concluded that Dixon's confession to Salter was inadmissible hearsay because Dixon "had already been charged as the second person involved in this crime, but the charges were dropped for lack of evidence." PCRA Court Opinion, 6/15/2018, at 1. Thus, according to the PCRA court, Dixon could not be subjected "to additional charges or punishment, and [therefore this] was not a statement against interest." Id. Accordingly, the statement was inadmissible hearsay and did not satisfy the requirements to be a newly-discovered fact. See Yarris, supra.

On appeal, Appellant argues that because Dixon's charges were "dropped for lack of evidence," Dixon could be recharged with this offense. Appellant's Brief at 11-12; Appellant's Reply Brief at 1. Thus, Appellant contends Salter's affidavit contains a statement against interest and is therefore admissible; accordingly, he argues that the PCRA court erred in its legal conclusions.

We begin our analysis with an overview of the statement-against-interest exception to the hearsay rule. Hearsay is "a statement that ... the declarant does not make while testifying at the current trial or hearing; and ...

a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). Hearsay is inadmissible unless it meets an exception, such as the statement against interest, which our Supreme Court has outlined as follows.

> [F]our criteria [] must be met: (1) the declarant made a statement; (2) the declarant was, at the time of trial, unavailable as a witness; (3) the statement "at the time of its making … so far tended to subject the declarant to … criminal liability … that a reasonable person in the declarant's position would not have made the statement unless believing it to be true;" and, as this is a criminal matter (4) "corroborating circumstances clearly indicate the trustworthiness of the statement." Pa.R.E. 804(b)(3).

Commonwealth v. Brown, 52 A.3d 1139, 1177 (Pa. 2012).

Instantly, Appellant wished to offer the testimony of Salter, who would testify that Dixon (the declarant) told Salter that Dixon and Warren committed the crime for which Appellant was convicted. Such a statement is clearly hearsay and therefore is only admissible if it satisfies an exception. According to the PCRA court, the statement did not "expose the declarant to criminal liability" because the "charges were dropped for lack of evidence."[5] Pa.R.Crim.P. 907 Notice, 6/15/2018, at 1.

_____

[5] To the extent the PCRA court concluded that Dixon could not be charged with this crime again because the "charges were dropped," the PCRA court may have been incorrect. Pa.R.Crim.P. 907 Notice, 6/15/2018, at 1. The Commonwealth may have been permitted to refile those charges under certain circumstances, and the record is not adequate to reach a conclusion in that regard. Nonetheless, based on our discussion infra, it is not relevant in this case. "[T]his Court may affirm the decision of the PCRA Court if it is correct on any basis." Commonwealth v. Hutchins, 760 A.2d 50, 55 (Pa. Super. 2000).

- 7 -

At this juncture, it is clear that the statute of limitations has expired for charging Dixon, or anyone else, with attempted murder or robbery in this matter. See 42 Pa.C.S. § 5552(b)(1) (setting forth a five-year statute of limitations for various crimes, including "attempt to commit murder where no murder occurs" and "robbery"). Here, the robbery and attempted murder of Victim occurred on July 7, 2010. Thus, the Commonwealth had until July 7, 2015, to charge Dixon in this case.[6] Accordingly, Dixon's statement to Salter, on December 31, 2017, that he committed this crime does not satisfy the statement-against-interest exception to the hearsay rule because he could not actually be charged with the crime for which he confessed.[7]

––––––––––––––––––––––––––––––––––

[6] Similarly, Dixon could not be charged with perjury at this juncture. Presumably, at the time he was charged originally for the robbery, he pleaded not guilty to those crimes to which he now has purportedly confessed. However, that guilty plea would have occurred more than five years ago; thus, the statute of limitations for perjury has also passed. See 42 Pa.C.S. § 5552(b)(1).

[7] The PCRA court pointed out other bases for rejecting Appellant's claim with which Appellant takes issue. See Appellant's Brief at 11. For example, the PCRA court concluded that that the statement was inadmissible as a statement against interest because it "was not given to a law enforcement officer or to a person in a position of authority" and suggested Salter is unreliable because he has been convicted of many prior crimes. Pa.R.Crim.P. 907 Notice, 6/15/2018, at 2. However, based on our discussion supra, we need not consider these arguments.

Thus, this case is akin to Yarris, supra, that because Salter's affidavit contains inadmissible hearsay,[8] Appellant cannot satisfy the newly-discovered evidence exception. Thus, the PCRA court properly dismissed Appellant's PCRA petition for being time-barred.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2019

---

[8] In considering a statement against interest, it is appropriate to examine each portion of the statement in determining whether it is admissible. See Brown, 52 A.3d at 1132 (holding "each of the statements in the declaration must be examined"). Because Dixon's statement that he committed the crime is inadmissible, it is clear the second portion of Dixon's statement, that Warren was his accomplice during the robbery, is also inadmissible.